UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIE MAXWELL,
    Plaintiff,

vs.                                                           Case No.: 3:23cv4078/TKW/ZCB

ESCAMBIA COUNTY,
    Defendant.
_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (R&R) (Doc. 11) and Plaintiff's "Amended Complaint to Show Cause" (Doc. 12), which the Court will treat as an objection to the R&R. The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review the Court agrees with the magistrate judge's determination that this case should be dismissed for failure to comply with court orders.

The Court did not overlook Plaintiff's explanation that he was still waiting on "paperwork" from the Escambia County Jail that "would show proof of his allegations." However, even if that is true,[1] it does not excuse Plaintiff's failure to

---

[1] Plaintiff did not provide copies of the requests that he allegedly made to the jail, nor did he state when he made those requests. Thus, the Court has no way to determine whether the requests (if made) were timely in relation to the magistrate judge's orders or whether the requested "paperwork" was necessary for Plaintiff to file an amended complaint.

file anything with the Court for over three months in response to the orders entered by the magistrate judge. Indeed, even if Plaintiff was having trouble getting "paperwork" from the jail, that would not have precluded him from filing a simple motion for extension of time in response to the April 25 order directing him to file an amended complaint and/or the June 8 order to show cause.

The Court did not overlook that Plaintiff requested an extension of time in his objection. However, that request was made well after the deadline that Plaintiff seeks to extend and it does not establish the "excusable neglect" required for the Court to grant an untimely request for an extension of time. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect.").

Accordingly, it is **ORDERED**:

1. The magistrate judge's R&R is adopted and incorporated by reference in this order.

2. This case is **DISMISSED without prejudice** based on Plaintiff's failure to comply with an order of the Court.[2]

---

[2] The dismissal of this case "without prejudice" means that Plaintiff may pursue his claims in a new case (after paying a new filing fee), assuming the statute of limitations has not run by the time he files the new complaint and he is not a "three-strike" inmate. If Plaintiff files a new case, he will need to list this case in the litigation history section of the complaint form (along with any others that he filed in the past) and he will need to be more diligent in complying with court orders.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 7th day of August, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**